UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **FRANCISCO ROMAN VIELMAN,** | Civil Action No. 25-18118 (RK) |
| Petitioner, | |
| v. | ORDER |
| **KRISTI NOEM, et al.,** | |
| Respondents. | |

Petitioner Francisco Roman Vielman, a citizen of Guatemala,[1] has filed a counseled habeas petition pursuant to 28 U.S.C. § 2241 seeking release from immigration detention or a bond hearing pursuant to 8 U.S.C. § 1226(a). (ECF No. 1 ("Petition") at p. 13.) Petitioner has resided in the United States since 2004 and has three United States citizen children. (*Id.* at ¶¶ 42, 45.) He was arrested on or about November 28, 2025, and is detained at Delaney Hall Detention Facility. (*Id.* at ¶ 43 (citing Exhibit A).) Petitioner contends that the Department of Homeland Security ("DHS") has denied him bond pursuant to a nationwide policy that subjects noncitizens who entered the United States without admission or inspection to mandatory detention under 8 U.S.C. § 1225(b) and that the Board of Immigration Appeals also recently adopted this position in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). (*See id.* at ¶¶ 30-34.)

The Court has reviewed the Petition under Rule 4 of the Rules governing habeas petitions and finds that dismissal is not warranted. The Court sets an expedited briefing schedule and, pursuant to its authority under the All Writs Act, 28 U.S.C. § 1651(a), temporarily enjoins

---

[1] The Petition states that Petitioner is a citizen of El Salvador, but Exhibit A states that he is a citizen of Guatemala. (Petition at ¶ 15; Exhibit A to Petition.)

Respondents from transferring Petitioner from this District or removing him from the United States while this matter is pending.[2]

**IT IS**, on this 5th day of December, 2025;

**ORDERED** that pursuant to the Court's authority under the All Writs Act, 28 U.S.C. § 1651(a), **RESPONDENTS are temporarily ENJOINED from transferring Petitioner out of this District or removing him from the United States pending further order of the Court;** and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of the Petition and this Order upon Respondents by regular mail, with all costs of service advanced by the United States; and it is further

**ORDERED** that, in accordance with Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b), this Court has examined the Petition and determined that dismissal of the Petition prior to submission of an answer and the record is not warranted; and it is further

---

[2] Petitioner requests that the Court enjoin his transfer while this matter is pending. (Petition at p. 13.) The ICE detainee locator indicates that Petitioner is currently detained at Delaney Hall. *See* ICE Detainee Locator, available at https://locator.ice.gov/odls/#/results (last visited December 5, 2025). Courts in this district and around the country have used their inherent authority under the All Writs Act to enjoin the transfer or removal of noncitizens while their habeas petitions are pending. *See Rivera Zumba v. Bondi*, No. 25-cv-14626, 2025 WL 2476524, at *8 (D.N.J. Aug. 28, 2025); *see also Arostegui-Maldonado v. Baltazar*, --F. Supp.3d --, No. 25-cv-2205, 2025 WL 2280357, at *16 (D. Colo. Aug. 8, 2025) (relying on the All Writs Act to enter an injunction preventing immigration detainee's transfer out of the District of Colorado during the pendency of his habeas action); *Abrego Garcia v. Noem*, No. 8:25-cv-00951, 2025 WL 2062203, at *6 (D. Md. Jul. 23, 2025) (relying on the All Writs Act to limit petitioner's transfer to three nearby districts). This Court likewise relies on its inherent authority under the All Writs Act to preserve the status quo until this matter may be heard on the merits.

**ORDERED** that the Clerk of the Court shall forward a copy of the Petition and this Order to Chief, Civil Division, United States Attorney's Office, at the following email address: USANJ-HabeasCases@usdoj.gov; and it is further

**ORDERED that to the extent Respondents intend to stipulate to the relevant facts alleged in the Petition and acknowledge that they rely on the same statutory interpretation set forth in** *Matter of Yajure Hurtado***, 29 I&N Dec. 215 (BIA 2025), which was rejected by this Court in** *Mejia v. Cabezas***, No. 25-CV-17094, 2025 WL 3294405, at *2 (D.N.J. Nov. 14, 2025), they may file a letter response within 7 days that sets forth that position**; and it is further

**ORDERED** that if Respondents intend to dispute the relevant facts or rely on different statutory or legal arguments, Respondent shall electronically file a full and complete answer to said Petition, which responds to the factual and legal allegations of the Petition, within 14 days; and it is further

**ORDERED** that the answer shall state the statutory authority for Petitioner's detention, *see* 28 U.S.C. § 2243, and provide the relevant legal analysis and record evidence supporting the asserted statutory basis for detention; and it is further

**ORDERED** that Respondent shall raise in the answer any appropriate defenses and relevant legal arguments with citations to appropriate legal authority; and it is further

**ORDERED** that Respondent shall electronically file with the answer certified copies of the administrative record and all other documents relevant to Petitioner's claims; it is further

**ORDERED** that all exhibits to the Answer must be identified by a descriptive name in the electronic filing entry, for example:
"Exhibit #1 Transcript of [type of proceeding] held on XX/XX/XXXX" or

"Exhibit #2 Opinion entered on XX/XX/XXXX by Judge YYYY"; it is further

      **ORDERED** that Petitioner may file and serve a reply in support of the Petition within 7 days after the answer is filed.

_____
ROBERT KIRSCH
United States District Judge